UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | | |
|---|---|---|
| **DANNY PAUL AND SAMANTHA PAUL** | : | **CIVIL ACTION NO.:** |
| Plaintiffs. | : | |
| | : | **JUDGE** |
| **VERSUS** | : | |
| | : | **MAG. JUDGE** |
| **STATE FARM FIRE AND CASUALTY COMPANY** | : | |
| Defendant. | : | |

## COMPLAINT FOR DAMAGES

**NOW INTO COURT**, through undersigned counsel, comes Plaintiffs, Danny and Samantha Paul, who respectfully submits this Complaint for Damages against Defendant, State Farm Fire and Casualty Company, and further respectfully avers as follows:

### PARTIES

**1.**

Plaintiffs, Danny and Samantha Paul (hereinafter "Plaintiffs") are individuals who are residents of and domiciled in Rapides Parish, Louisiana.

**2.**

Defendant, State Farm Fire and Casualty Company (hereinafter "Defendant") is a foreign insurance company incorporated in the State of Illinois, with its principal place of business in Bloomington, Illinois, which can be served through its agent for service of process, the Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana 70809.

## JURISDICTION AND VENUE

**3.**

This Court has subject matter jurisdiction under 28 U.S.C.A. § 1332(a), because the matter in controversy exceeds $75,000.00, and because Plaintiffs and State Farm Fire and Casualty Company are citizens of different states. Plaintiffs, Danny and Samantha Paul, are domiciled in Gonzales, Louisiana. Defendant, State Farm Fire and Casualty Company, is an insurance company incorporated in the State of Illinois with its principal place of business in Bloomington, Illinois. The unpaid losses due under Defendant's insurance policy issued to Plaintiffs exceed $75,000.00, and Plaintiffs also seeks penalties, attorney's fees, costs, and expenses in addition to those unpaid losses pursuant to La. Rev. Stat. Ann. § 22:1892 and La. Rev. Stat. Ann. § 22:1973.

**4.**

Venue is proper in this District and Division under 28 U.S.C.A. §1391(b)(2), because all or a substantial part of the events or omissions giving rise to the claim occurred in this District, and a substantial part of the property that is the subject of this action is situated in this District and Division.

## FACTUAL BACKGROUND

**5.**

At the time of the loss event, and through the present, the Plaintiffs were and still are the owners of the property located at 88 Donnie Price Road, Deville, Louisiana 71328-9788 ("Residence").

**6.**

At all times relevant hereto, Defendant provided Plaintiffs with a policy of insurance, bearing the policy number 18-BJ-S599-5 (hereinafter "<u>Policy</u>"), covering the Residence against loss and damage caused by, among other perils, wind, hail, and water.

**7.**

The policy was in full force and effect at the time of the covered loss events that are the subject of this instant lawsuit.

**8.**

On or about June 4, 2023 ("Loss Event"), a catastrophic hailstorm occurred in Rapides Parish, Louisiana which caused extensive damage to the Residence including, but not limited to, the roof, framing, wood-finish, insulation, drywall, paneling, windows, exterior siding, heating and air conditioning system, and electrical components.

**9.**

In compliance with the policy, Plaintiffs timely provided notice of the damages to the Defendant and took reasonable steps to mitigate the damages caused by the Loss Event as soon as reasonably possible.

**10.**

Upon notification of the Loss Event, Defendant performed an initial inspection of the damages to the Residence.

**11.**

Plaintiffs, in compliance with the terms of the Policy, cooperated with Defendant and its consultants and made the Residence available for inspection at all times. Defendant, directly and/or

through its loss consultants and adjusters, had ample opportunity to investigate and inspect the damages to the Residence.

**12.**

However, Defendant failed to include damages to the Residence that were obvious at the time of the inspection and caused by the Loss Event, as well as underestimated the costs of damages included in its adjustment.

**13.**

The payments made to date to the Plaintiffs for damages caused by the Loss Event are woefully inadequate to cover the costs to repair the Residence and other structures despite the fact that the damages were clearly visible to the adjuster retained and/or employed by Defendant at the time of the adjuster's inspection.

**14.**

Defendant failed to pay the amount due to Plaintiffs in connection with the subject claims within thirty (30) days after receipt of satisfactory proof of loss and also failed to make a written offer to properly settle Plaintiffs property damage claims within thirty (30) days after receipt of satisfactory proof of loss of the claims.

**15.**

Defendant has been in possession of sufficient documentation to fully apprise itself of the actual loss and damage to the Residence as a result of the Loss Event, but Defendant has failed to pay Plaintiffs the actual amount of the loss due under the policy despite having satisfactory proof of loss for more than 60 days.

**16.**

Defendant breached its affirmative duties under La. Rev. Stat. Ann. §22:1892 and §22:1973 as a result of its failure to timely and reasonably adjust the subject losses.

**17.**

Despite Defendant's ongoing breaches and failure to timely pay the loss amounts due under the Policy, Plaintiffs have continued to work with Defendant and its consultants to ensure compliance with Plaintiffs duties under the policy.

**18.**

Defendant's failure to timely pay benefits owed under the Policy has placed the Residence at risk.

**19.**

Additionally, because Defendant provided insufficient funds to complete repairs, the Plaintiffs have endured significant mental anguish, aggravation, and inconvenience.

**20.**

Defendant has unjustifiably failed and/or refused to perform its obligations under the Policy by wrongfully and unfairly limiting payment on the Plaintiffs claims.

**21.**

As a result of Defendant's bad faith conduct in connection with its adjustment of these claims, Plaintiffs has incurred professional expenses, including expert and/or attorney's fees, to determine that Defendant wrongfully failed to timely pay adequate amounts owed under the Policy in connection with Plaintiffs claims.

**22.**

Defendant's acts and omissions in failing to pay Plaintiffs the actual amounts owed under the Policy within sixty (60) days of receiving satisfactory proof of loss is arbitrary, capricious, and without probable cause, and Defendant is in breach of its affirmative duties of good faith and fair dealing.

**23.**

As a result of Defendant's failures and delays to timely adjust and pay the loss amounts due under the Policy in response to the damage caused by the Loss Event, Plaintiffs have and/or will continue to sustain additional loss and damage and will continue to incur additional costs and expense at increased prices in connection with the completion of the repairs.

## CAUSES OF ACTION

**A. The Insurance policy**

**24.**

Defendant owed the Plaintiffs a duty of good faith and fair dealing, and a duty to pay losses within thirty (30) and sixty (60) days of proof of loss under La. Rev. Stat. Ann. §22:1892 and La. Rev. Stat. Ann. §22:1973.

**25.**

The actual damages to the Residence and other structures greatly exceed the amounts estimated and paid by Defendant.

**26.**

Under the language of their policy, Plaintiffs are entitled to recover from Defendant the additional sums needed to make full repairs to the Residence in accordance with the insurance coverages Plaintiffs purchased from Defendant.

**27.**

Plaintiffs are also entitled to recover for the unpaid and/or underpaid losses and damages they sustained to the personal property of the Residence, for debris removal, and for additional living expenses in accordance with the insurance coverages Plaintiffs purchased from Defendant.

**28.**

Defendant breached its duty of good faith, causing actual damages, and breached its duties to timely pay damages owed under the Policy.

**B.      Penalties And Attorney's Fees**

**29.**

Pursuant to Louisiana Revised Statute §22:1892, Defendant was required to unconditionally tender payment to Plaintiffs for reasonably undisputed losses caused by the Loss Event within thirty (30) days of Defendant's receipt of satisfactory proof of loss when its adjusters inspected the Residence. Defendant failed to do so.

**30.**

La. Rev. Stat. Ann. §22:1892 further required Defendant to re-evaluate Plaintiffs claims and to tender additional unconditional payments to Plaintiffs each time Defendant received additional information concerning the losses sustained by Plaintiffs. Defendant failed to do so.

**31.**

Defendant's failure to pay adequate amounts timely in this matter was arbitrary, capricious, and without probable cause.

**32.**

Pursuant to La. Rev. Stat. Ann. §22:1892, Defendant is liable to Plaintiffs for a penalty of 50%, in addition to the amount of the loss, on the amount due from Defendant, as well as

reasonable attorney's fees and costs for Defendant's failure to unconditionally tender the amounts owed to Plaintiffs within thirty (30) days after receipt of satisfactory proof of loss.

### 33.

Pursuant to La. Rev. Stat. Ann. §22:1973, Defendant is additionally liable to Plaintiffs for actual damages, including but not limited to mental anguish, aggravation, and inconvenience for Defendant's misrepresentations of pertinent facts concerning the amounts owed, its coverages, and its provisions under the Policy, as well as for failing to unconditionally tender the amounts owed to Plaintiffs within sixty (60) days after receipt of satisfactory proof of loss was arbitrary, capricious, and without probable cause.

### **DAMAGES**

### 34.

As a result of the actions of Defendant, Plaintiffs have suffered the following nonexclusive list of past, present, and future damages:

a. Damage to the building and other structures located at the Residence;

b. Mitigation, remediation, and repair costs;

c. Diminution in value;

d. Lost and/or damaged contents and personal property;

e. Loss and damage due to delays and / or inability to make appropriate repairs as a result of inadequate insurance payments;

f. Mental anguish, consequential damages, and all other applicable damages covered under any of the applicable coverages afforded under the Policy's sub-coverage limits, including but not limited to demolition, debris removal, increased cost of construction;

g. Attorney's fees and costs of these proceedings, and all other costs incurred prior to this litigation as a result of Defendant's breaches of its contractual

and legal duties and obligations, including the failure to timely pay sums owed under the Policy; and

h. Any and all other damages that are shown through discovery and/or proven at the trial of this matter.

## JURY DEMAND

**35.**

Plaintiffs hereby request and demand a trial by jury on all issues so triable.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiffs, Danny and Samantha Paul, respectfully prays there be a judgment rendered herein in Plaintiffs favor and against Defendant, State Farm Fire and Casualty Company, for the full amounts due under the terms of the coverages provided by Defendant's insurance Policy, for actual damages, penalties, attorney's fees, costs, and expenses, and for such other damages as would reasonably and justly compensate Plaintiffs in accordance with the rules of law, plus interest to the fullest extent allowed by law, all court costs, and for any and all other general and equitable relief that may be appropriate in the premises

**Respectfully submitted,**

**PANDIT LAW FIRM, LLC**

**Date:** <u>February 2, 2024</u>

BY: _____
**DAVID B. WHEELER**, Bar No. 28468
**RAJAN PANDIT**, Bar No. 32215
701 Poydras Street, Suite 3950
New Orleans, LA 70139
Telephone: (504) 313-3800
Facsimile: (504) 313-3820
Email: dwheeler@panditlaw.com
raj@panditlaw.com

and

                        **ROBICHAUX, MIZE, WADSACK,**
                        **RICHARDSON & WATSON, LLC**

                        */s/ Matthew M. Mize*
**MATTHEW M. MIZE**, Bar No. 33993
1777 Ryan Street (70601)
P. O. Box 2065
Lake Charles, LA 70602
Telephone: (337) 433-0234
Fax: (337) 433-8595
Email: mmm@rmwlegal.com

***Counsel for Danny and Samantha Paul***

**PLEASE SERVE:**

State Farm Fire and Casualty Company
*Through its agent for Service of Process*:
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, Louisiana 70809